IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL THOMAS, )
)
       Plaintiff, )
)
       v. )      1:24CV189
)
SHERIFF CLARENCE F. BIRKHEAD, )
et al., )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1.     Plaintiff does not appear to name proper defendants or at least does not make his claims against the named Defendants clear. Under § 1983, Plaintiff must name persons as Defendants and he must name the persons who are actually responsible for the alleged violations of his constitutional rights. Here, Plaintiff seeks to raise claims based on allegations of deliberate indifference to an abscess in his mouth which he claims is a serious medical need. One of the Defendants he names is the Durham County Detention Center, which is a building, not a person. Therefore, it cannot be a proper Defendant under § 1983. He also names Sheriff Clarence F. Birkhead who is in charge of that facility. Plaintiff appears to name Defendant Birkhead based on his supervisory control of the Detention Center. However, this is not proper because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). The Complaint contains no allegation that Defendant Birkhead knew of Plaintiff's medical condition or treatment. It does

allege that Plaintiff requested that another Defendant, Officer Glasscock, inform Defendant Birkhead of the situation, but it does not allege that this actually occurred. In fact, it claims that Defendant Glasscock blocked access to Defendant Birkhead and other higher-ranking officers at the Detention Center. Therefore, it is not clear why Defendant Birkhead is a proper Defendant. As for Defendant Glasscock, the blocking of access is the only real allegation in the Complaint against that person. However, it is not clear why Plaintiff would have any federal constitutional right to send messages to Defendant Birkhead or any other supervisor at the detention center as opposed to having his issues addressed by Defendant Glasscock. Finally, the Complaint names the Detention Center's medical provider, WellPath LLC d/b/a Correct Care, as a Defendant. However, the Complaint does not name any Wellpath employees as Defendants and appears to name the company based only on its position in supervising healthcare at the Detention Center. As with individual Defendants, corporate Defendants cannot be held liable based on theories of *respondeat superior*. Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir.1999). Instead, a plaintiff must allege that a private corporation violated their federal constitutional rights through an official policy or custom. Parker v. Burris, No. 1:13CV488, 2013 WL 5604622, at *2 (M.D.N.C. Oct. 11, 2013) (unpublished), rec. adopted, slip op. (M.D.N.C. Jan. 13, 2014) (citing Austin). The current Complaint does not contain such allegations. If Plaintiff seeks to assert claims for deliberate indifference to a serious medical need he would need to name as Defendants the individuals who knew of Plaintiff's medical concern and were deliberately indifferent in failing to provide treatment.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send

Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 29th day of April, 2024.

                                              /s/ Joi Elizabeth Peake
                                          United States Magistrate Judge